**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3250-21

NAOMI SIMMONS, individually,
as general administratrix, and as
administratrix ad prosequendum of
the Estate of JAQUILL FIELDS,
JAQUILL FIELDS, JR., infant son
of decedent JAQUILL FIELDS, by
his guardian DYMEESHIA
JOHNSON, mother, NAOMI
SIMMONS, and RICHARD FIELDS,
per quod,

     Plaintiffs-Appellants,

v.

THE CITY OF PATERSON, NEW
JERSEY, a Municipal Corporation of
the STATE OF NEW JERSEY,
COUNTY OF PASSAIC, its officials,
employees and/or agents, JOSE
TORRES, individually and as Mayor
of CITY OF PATERSON and/or
final policy maker, COUNCIL
MEMBERS, JUNE 16, 2015, of CITY
OF PATERSON, individually and
in their official capacities and/or final
policy maker, JERRY SPEZIALE,
individually and in his official
capacity as Police Director of the

CITY OF PATERSON and/or as final policy maker, WILLIAM FRAHER, Acting Police Chief, individually and in his official capacity as Chief of Police of the CITY OF PATERSON and/or as final policy maker, JOSE URENA, individually and as Detective Police Officer of the CITY OF PATERSON, LOUIS PACELLI, individually and as Sergeant Police Officer of the CITY OF PATERSON, and SALVATORE MACOLINO, individually and as Detective Police Officer of the CITY OF PATERSON,

        Defendants-Respondents.

_____

Submitted December 20, 2023 – Decided May 8, 2024

Before Judges Accurso, Gummer, and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2078-17.

Cariddi & Garcia, attorneys for appellants (Carol J. Garcia, of counsel and on the briefs; Anthony J. Cariddi, on the briefs).

Lite DePalma Greenberg & Afanador, LLC, attorneys for respondents City of Paterson, Director Jerry Speziale and Chief William Fraher (Victor Alexander Afanador, of counsel and on the brief; Connor T. Wright, on the brief).

Law Offices of Nicholas J. Palma, PC, attorneys for respondent Louis Pacelli (Valerie Palma DeLuisi, of

A-3250-21

counsel and on the brief; Ashley E. Morgan and Douglas J. Wisneiski, on the brief).

Joel M. Miklacki, attorney for respondent Salvatore Macolino.

PER CURIAM

JaQuill Fields died on June 16, 2015, after being struck by a car operated by former Paterson Police Department Detective Jose Urena. Two years later, his mother, father, son, and estate filed a lawsuit against Urena, the City of Paterson, various city officials, and other police-department members and officers, pleading a variety of causes of action. After the trial court granted the dispositive motions of all defendants other than Urena and dismissed the complaint with prejudice as to them, plaintiffs stipulated to the dismissal of the complaint with prejudice as to Urena, the last remaining defendant, thereby ending the case.

Nearly five months later, after the time to appeal had run, plaintiffs moved to reinstate the case "as to those plaintiffs who have not executed releases of claim against defendant Urena," incorrectly asserting the court had administratively closed the case without prejudice. The court granted that motion. On May 13, 2022, the court entered an order submitted by plaintiffs under the five-day rule dismissing the case. Plaintiffs filed a notice of appeal

3

based on that order and argue in their appeal the court erred in granting the dispositive motions filed by the other defendants. Defendants contend plaintiffs' appeal is untimely. We agree and, accordingly, dismiss the appeal.

On June 16, 2017, decedent's mother, Naomi Simmons, individually and as general administratrix and administratrix ad prosequendum of decedent's estate, his father Richard Fields, and his son JaQuill Fields, Jr., by his guardian and mother Dymeeshia Johnson, filed a lawsuit against Urena,[1] the City of Paterson, Mayor Jose Torres, Paterson's Council members, Police Director Jerry Speziale, acting Police Chief William Fraher, police officers Louis Pacelli and Salvator Macolino, and fictitious parties. Plaintiffs pleaded several causes of action, including wrongful death, citing N.J.S.A. 2A:31-5; rights of survivorship, citing N.J.S.A. 2A:15-3; tort claims, citing N.J.S.A. 59:1-1 to 12-3; negligent hiring, supervision, and retention, citing the doctrine of respondeat superior; deprivation of decedent's right to due process of law, citing Article I of the New Jersey Constitution of 1947 and N.J.S.A. 10:6-1 to -2; and per quod claims on behalf of decedent's parents.

---

[1] In a separate criminal action, a jury convicted Urena on November 5, 2018, of a second-degree charge of knowingly leaving the scene of a motor-vehicle accident, in violation of N.J.S.A. 2C:11-5.1, and a third-degree charge of endangering an injured victim, in violation of N.J.S.A. 2C:12-1.2(a). He was sentenced to an aggregate prison term of nine and one-half years.

On April 16, 2018, the court entered an order granting in part and denying in part a motion filed by defendants City of Paterson, Council members, Torres, Speziale, and Fraher to dismiss the complaint pursuant to Rule 4:6-2(e), and it denied a separate dismissal motion filed by defendant Macolino. The court dismissed all claims against Torres and the Council members and the civil-rights, negligent-hiring, and dangerous-condition claims as to all defendants. The court otherwise denied the motions and gave plaintiffs leave to file an amended complaint.

Plaintiffs filed an amended complaint, which defendants City of Paterson, Council members, Torres, Speziale, and Fraher moved to dismiss. In an order entered on January 22, 2019, the court granted in part and denied in part that motion. The court dismissed with prejudice all claims against the Council members and Torres and the civil-rights claims against the City, Speziale, and Fraher and otherwise denied the motion.

In the spring of 2019, defendants City of Paterson, Speziale, and Fraher and defendant Macolino moved for summary-judgment and plaintiffs moved for reconsideration of the dismissal of their civil-rights claims pursuant to Rule 4:49-2. After hearing argument, the court on October 9, 2019, entered a twenty-eight page decision and orders denying plaintiffs' motion, granting

defendants' motions, and dismissing with prejudice the complaint as to the moving defendants.[2]  The court granted defendant Pacelli's subsequently-filed summary-judgment motion on November 22, 2019, and dismissed with prejudice the complaint as to him.  On that date, the court also denied plaintiffs' motion for reconsideration of the orders granting the summary-judgment motions of defendants City of Paterson, Speziale, and Fraher and defendant Macolino.  Plaintiffs did not move for reconsideration of the order granting defendant Pacelli's summary-judgment motion.   Once the court granted defendant Pacelli's summary-judgment motion, Urena was the only defendant against whom the complaint had not been dismissed with prejudice.

Urena had automobile-insurance coverage under a policy issued by GEICO Indemnity Company (GEICO).  After his criminal convictions, Urena moved to deposit his insurance policy into court pursuant to Rule 4:57-1.  The court granted that motion on December 7, 2018.

On November 30, 2020, plaintiffs' counsel filed a "Stipulation of Dismissal [a]s to defendant Jose Urena."  According to the stipulation, the action had been "amicably adjusted by and between the Plaintiffs and Defendant Jose

---

[2]  The order granting defendant Macolino's motion is dated May 24, 2019, but the eCourt imprint indicates the court entered the order on October 9, 2019.

Urena," who "hereby stipulated and agreed that Plaintiffs' Complaint against defendant Jose Urena be and is hereby dismissed with prejudice and without costs or attorney's fees against either party." The stipulation was executed by counsel for Urena and counsel "for Plaintiffs." With that dismissal with prejudice of the last remaining defendant, the forty-five-day time to appeal began to run. See R. 2:4-1.

On April 20, 2021, the same law firm that had prepared the stipulation of dismissal with prejudice between plaintiffs and Urena submitted as "attorneys for plaintiffs, Naomi Simmons general administratrix and administratrix ad prosequendum of the Estate" an order with Urena's consent to withdraw pursuant to Rule 4:57-2 "the Geico insurance funds of $50,000.00 held by the Clerk of the Superior Court . . . which represents all funds deposited into the court" by Urena's counsel. On the proposed form of order, plaintiffs' counsel represented that "[a]ll interested parties have received notice; are represented by counsel and have in fact consented to the entry of the consent order in the form submitted." The order directed the funds be paid to "The Estate of JaQuill Fields, Naomi Simmons general administratrix" in care of plaintiffs' counsel. The order was executed by Urena's counsel and counsel for "Plaintiffs." The court executed and entered the order the next day.

A-3250-21

On April 27, 2021, counsel for "plaintiffs" moved for an order "to restore the case to active status for the remaining plaintiffs who have not signed releases of claim." In the notice of motion, plaintiffs' counsel stated the case had been "administratively closed without prejudice . . . ." In a certification, counsel represented that on April 20, 2021, while he was "checking the status of a consent order submitted via eCourts," presumably the consent order releasing the funds deposited in court he had submitted that day, he "observed the status of the case had been marked as 'CLOSED without prejudice.'" He also stated he had called the administrative offices of the court and was told the matter had been "administratively removed from the trial calendar and marked closed due to the belief that there were no remaining plaintiffs or defendants involved in this matter." Even though his firm had prepared the November 30, 2020 stipulation of dismissal with prejudice between plaintiffs and Urena, he asserted no order had been sent closing the case and no order had been filed extinguishing the claims of the "remaining plaintiffs." He identified decedent's son and father as the "remaining plaintiffs," contending each "retain[ed] viable claims against defendant Urena which have not been dismissed." He cited to an October 5, 2020 release executed by Naomi Simmons in which the estate for a $50,000 payment "hereby and for his/her/their heirs, executors, administrators, [and]

successors" released claims against Urena and GEICO in connection with the accident and decedent's death. The release was not referenced in the stipulation of dismissal with prejudice prepared by plaintiffs' counsel. The court granted the motion, which was not opposed,[3] and ordered the complaint of decedent's father and son "be reinstated to the active calendar as to defendant Jose Urena."

In a letter to this court,[4] plaintiffs' counsel represented that on February 27, 2022, "appellant-plaintiffs reached an agreed consensus on the distributive shares of a fixed settlement amount with the limited insurance coverage of defendant Jose Urena" and that there had been "no formal settlement agreement drafted between those parties, only a verbal agreement." According to plaintiffs' counsel, "to notify the trial court of this resolution," he filed a "Request for Entry of Judgment," informing the court "all issues as to all parties ha[d] been resolved" and requesting "ent[ry of] judgment and remov[al of] the matter from

---

[3] According to counsel for defendants City of Paterson, Speziale, and Fraher, those defendants could not oppose the motion to reinstate because they were no longer parties to the case. In support of that assertion, counsel cited a February 5, 2020 order, in which the court denied a motion filed on behalf of those defendants to bar the report of plaintiffs' expert report "as moot," stating it had not decided the motion on its merits because "the moving party is no longer a party to the case."

[4] We had asked for supplemental submissions on the issue of the timeliness of plaintiffs' appeal.

the trial calendar." When he did not receive an order of dismissal or judgment, he contacted the court and was told to submit an order under the five-day rule. See R. 4:42-1(c). He submitted a proposed form of order of dismissal, which stated plaintiffs had "resolved, issues between plaintiffs, and issues with remaining defendant Jose Urena, therefore resolving all issues as to all parties." (Emphasis in the original). The court executed and entered the order on May 13, 2022.

On June 26, 2022, plaintiffs' counsel filed on behalf of all plaintiffs a notice of appeal of the May 13, 2022 order. Plaintiffs' counsel did not reference any other orders in the notice of appeal. Defendants argue we should dismiss the appeal as untimely because plaintiffs did not file a notice of appeal within forty-five days of entry of the November 30, 2020 stipulation of dismissal with prejudice as to defendant Urena. We agree.

Rule 2:4-1 provides, with certain exceptions not applicable in this case, that "appeals from final judgments of courts . . . shall be filed within 45 days of their entry." See also Pogostin v. Leighton, 216 N.J. Super. 363, 370 (App. Div. 1987) (holding the time to appeal begins to run when judgment is entered). That limit "will be strictly enforced except as provided in R. 2:4-3 and 2:4-4." Pressler & Verniero, Current N.J. Court Rules, (Gann), cmt. 1 to R. 2:4-1,

www.gannlaw.com (2024). Under <u>Rule</u> 2:4-3, the death of a party or counsel of record for a party or the filing of certain motions tolls the running of the time to file an appeal. None of those circumstances exists here. <u>Rule</u> 2:4-4 authorizes this court to extend the time for filing an appeal for up to thirty days if a party moves for that relief and demonstrates the existence of good cause and the absence of prejudice. Plaintiffs did not file a motion to extend their time to appeal.

A stipulation of dismissal with prejudice constitutes a final judgment if it "ended the case on all issues as to all parties" and no other parties "remain in the case." <u>Lawler v. Isaac</u>, 249 N.J. Super. 11, 17 (App. Div. 1991). Thus, the time to appeal begins to run on the entry of a stipulation of dismissal as to the last remaining defendant. <u>See</u> <u>McGlynn v. State</u>, 434 N.J. Super. 23, 30-31 (App. Div. 2014) (finding stipulation of dismissal as to last two remaining defendants was a final judgment and calculating time to appeal based on filing date of that stipulation); <u>Straus v. Borough of Chatham</u>, 316 N.J. Super. 26, 32-33 (App. Div. 1998) (calculating time to appeal based on filing date of stipulation of dismissal of the last remaining defendant).

This case does not involve the reinstatement of a complaint against a party that had been dismissed without prejudice when the matter was sent to

arbitration.  See, e.g., Malzberg v. Josey, 473 N.J. Super. 537, 543-45 (App. Div. 2022).  Nor does it involve "compelling circumstances" warranting our "indulgence" in granting a motion to file an appeal as within time.  Div. of Child Prot. & Permanency v. D. H., 469 N.J. Super. 107, 123 n.5 (App. Div. 2021). Here, a stipulation dismissing with prejudice plaintiffs' claims against the last remaining defendant was filed.  That stipulation "ended the case on all issues as to all parties"; no other parties remained in the case.  Lawler, 249 N.J. Super. at 17.  Thus, the time to appeal began to run on the filing of that stipulation.  No circumstances arose and no motions were filed that had the effect of tolling or extending that time.  The forty-five-day appeal period set forth in Rule 2:4-1 ended on January 14, 2021.  Plaintiffs' subsequent appeal was untimely, and, as a result, we have no jurisdiction to decide it.  Accordingly, we dismiss the appeal.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3250-21